OPINION
Appellant Bruce A. Henry appeals a judgment of the Delaware County Common Pleas Court convicting him of drug abuse (2925.11):
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS.
 II. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY EXCLUDING ARGUMENT AND EVIDENCE OF RESISTING ARREST AND RELATED CHARGES ARISING FROM THE SAME OCCURRENCE.
At 2:30 a.m. on May 10, 1998, Officer Robert Penrod of the Delaware City Police Department was dispatched to an apartment complex, to assist fellow officers on a domestic dispute. While trying to maintain order outside the building, the officer observed five people exit a building and cross a common grassy area carrying a large brown box. The people were laughing and speaking with slurred speech, and several of them appeared unsteady on their feet. They proceeded to a space between a parked van and parked truck. The officer observed one of the individuals stick his head around the van on a number of occasions. The officer walked over to that area, and saw three persons he recognized.
Another officer was pulling his cruiser towards the group. A young man yelled, "cops." At that point, two members of the group placed beers in the back of pickup truck, and began to walk toward Officer Penrod. Officer Penrod noticed appellant tense up, and walk toward the middle of the group. The officer asked if they were residents of the apartment complex, and the answers were mixed. The officer then asked the men for identification.
The apartment complex had problems with theft, vehicle break-ins, drug activity, and alcohol-related problems. The officer wanted to insure that no break-ins were taking place, and no one was driving.
When appellant approached Officer Penrod, he had his state identification card extended. However, appellant tried to step around the officer. The officer took one step to the left and asked for the identification card again. Appellant extended the card to the officer, but then dropped it, pushed by the officer by striking him in the left shoulder, and started to run. The officer ordered him to stop, and wrapped his left arm around appellant's shoulder. The officer was pulled off balance.
The officer steered appellant into a privacy fence and ordered him to stop resisting. He then told appellant he was under arrest. Appellant continued to struggle, and the officer again ordered him to stop. The officer saw appellant reach back with his left hand to grab something from his rear pocket.
Appellant pushed away from a vehicle and slammed the officer into another vehicle. He continued to reach for his back pocket. Another officer arrived, and appellant was handcuffed. Upon searching the back pocket, officers found a packet of cigarettes and a folded piece of magazine paper. The paper was later determined to contain cocaine. His motion to suppress the cocaine was overruled. The case proceeded to jury trial, and appellant was convicted as charged. He was sentenced to three years of community control.
 I
Appellant first argues that the court erred in overruling his motion to suppress, as he was unlawfully detained by Officer Penrod.
A seizure of a person occurs where a police officer accosts an individual and restrains his freedom to walk away. Terry v. Ohio,
(1968), 392 U.S. 1, 16. However, asking for identification is not a seizure under the First Amendment, if the defendant could have walked away. Florida v. Rodriguez (1984), 469 U.S. 1, 5-6. There is no Fourth Amendment seizure unless the circumstances of the encounter are so intimidating that a reasonable person would have believed he was not free to leave if he did not respond. State v. Daniel (1992),81 Ohio App.3d 325, 328, citing INS v. Delgado (1984), 466 U.S. 210, 216.
In the instant case, when Officer Penrod asked appellant to produce identification, a seizure had not occurred. Officer Penrod displayed no show of authority, nor did he attempt to restrain appellant's movement at that point in time.
When appellant approached Officer Penrod with his identification card extended, he attempted to step around the officer. At that point, Officer Penrod took one step to the left, and asked to see the identification card again. The side-step in order to view the identification card was not a sufficient detention to constitute a seizure under the Fourth Amendment. At this point, the officer was merely attempting to look at the identification card.
At this point, appellant dropped the card, pushed the officer by striking him in the left shoulder, and attempted to run at a sprint. At this time, the officer clearly had a reasonable suspicion of criminal activity to restrain appellant. Flight in the face of a clear showing of lawful authority supplies an officer with grounds to reasonably suspect that the defendant is engaged in criminal activity. U.S. v. Pope (1977), 561 F.2d 663, 668. Flight invites pursuit, and colors conduct which had previously appeared innocent. Id.
Appellant's conduct in pushing the officer and struggling with him gave the officer probable cause to place him under arrest, and the subsequent search of appellant was therefore a search incident to a lawful arrest.
The first assignment of error is overruled.
 II
Appellant argues that the court erred in excluding evidence that at a trial in municipal court, he was acquitted of charges of resisting arrest, obstructing official business, and open container stemming from this incident.
Appellant cites no authority in support of his proposition. Appellant appears to argue that if appellant took the stand, he could be impeached by evidence of a prior conviction under Evid. R. 609; therefore, he should be permitted to introduce the evidence of the prior acquittals to level the playing field.
However, had appellant been convicted of these misdemeanor charges, the State could not have impeached appellant by evidence of the convictions, as the crime did not involve dishonesty or false statement. Evid. 609 (A)(3). Appellant has not demonstrated that the court abused its discretion in excluding evidence of the acquittals in municipal court.
The assignment of error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
 _____________________ Reader, V.J.
Wise, J. concur, Hoffman, J., concurs, Separately.